United States District Court
For the Northern District of California

1

2

3 **\*E-FILED 9/20/05\***

4

5

6

7

8

9

10 IN THE UNITED STATES DISTRICT COURT

11 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 SAN JOSE DIVISION

13

14 GIUSEPPE "NINO" CAMPANELLA, ET AL.,          NO. 5:05-cv-1945 RS

**ORDER GRANTING MOTION TO**
15          Plaintiffs,          **DISMISS SECOND CLAIM FOR**
**RELIEF AGAINST THE COUNTY**
16     v.

JEFFREY LONGORIA, ET AL.,
17
          Defendants.
18 _____/

19

20          Plaintiffs, Giuseppe Nino Campanella, Lynette Campanella, and Guiseppe and Lynette Campanella

21 as guardians ad litem for Domenica Campanella, Carmela Campanella, Sarina Campanella, and Guiseppe

22 Campanella, Jr. (collectively "plaintiffs"), bring suit against several deputy sheriffs ("Sheriffs"), as well as the

23 County of Santa Clara ("County"), seeking recovery for violations of their civil rights and other state laws

24 alleged to have occurred during a search of their residence. Plaintiffs' second claim for relief against the

25 County alleges that there is a pattern of ongoing unconstitutional practices and violations by the deputy

26 sheriffs consisting of false arrests, illegal searches, and excessive use of force.  The County moves to

27 dismiss the second claim for relief filed against it based on the California Supreme Court's decision in

28 Venegas v. County of Los Angeles, 32 Cal. 4th 820, 839 (2004), in which the court held that sheriffs are

**United States District Court**
For the Northern District of California

state rather than County actors when investigating crimes.  The motion to dismiss was submitted on the papers by the Court, pursuant to Civil L.R. 7-1(b).

Based on all papers filed to date, including the briefs filed by the parties in a companion case, C-04-4906 RS, "Campanella I," in which the Court addressed this identical issue, the motion to dismiss the second claim for relief against the County is granted. As noted in Campanella I, the Ninth Circuit has explained that Circuit authority may be superceded bu a contrary decision of a court of last resort.  Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003).  Here, while confronted with the opposite finding in earlier Circuit decisions, the California Supreme Court, the court of last resort on the particular issue at hand, has found in Venegas that County Sheriffs act as agents of the state while performing their law enforcement roles and, therefore, are entitled to immunity from a § 1983 claim under the Eleventh Amendment. Accordingly, the second claim for relief against the County based on 42 U.S.C. § 1983 is dismissed.

The case management conference, both in this action and in Campanella I, scheduled for September 21, 2005 is continued to October 5, 2005.  Counsel shall meet and confer and file a joint case management statement on or before September 28, 2005.

IT IS SO ORDERED.

Dated: 9/20/05

 /s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

2

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

2  Anthony Boskovich     policemisconduct@compuserve.com

3  Aryn Paige Harris     aryn_harris@cco.co.scl.ca.us

4
   **Dated: 9/20/05**                                      **Chambers of Judge Richard Seeborg**
5

6                                                          **By:**        **/s/ BAK**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28